```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

DANIEL BAUCICAULT, Jr.,      )
                             )
          Petitioner,        )
                             )
     v.                      )  C.A. No. 04-11837-DPW
                             )
IMMIGRATION                  )
AND CUSTOMS ENFORCEMENT,     )
                             )
          Respondent.        )
```

MEMORANDUM AND ORDER

For the reasons stated below, the motion for an emergency stay of removal is denied. Petitioner shall pay the filing fee or, if he lacks sufficient funds, shall seek a waiver of it. If he takes either action, he shall also demonstrate good cause why this action should not be dismissed.

BACKGROUND

On August 23, 2004, Daniel Baucicault commenced this action by filing a one-and-a-half page document titled "Petition for Emergency Stay of Removal." The petition is far from clear, but it appears that Baucicault is claiming that he should not be removed because he has "matters pending in [Massachusetts] criminal courts" and has submitted a letter to the Massachusetts Supreme Judicial Court about his "criminal appeal." Petition, p. 1. He asserts that he has exculpatory evidence that was discovered "long after" he pled guilty and that a stay of removal is necessary to allow him to "appeal" his criminal conviction. Id. Baucicault did not submit the filing fee for this action or an application to waive prepayment of the filing fee.

ANALYSIS

I.  Baucicault Has Not Paid the
    Filing Fee or Sought a Waiver of It

A party filing an action in this Court must either (1) pay the filing fee ($150.00 for civil actions; $5 for petitions for writs of habeas corpus); or (2) if he or she lacks sufficient funds to pay the filing fee, submit an application to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914(a) (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings in forma pauperis).  For the convenience of litigants, this Court provides a standardized form for applications for waiver of the filing fee.  Because Baucicault has not submitted the filing fee or an application to proceed without prepayment of the filing fee, he will be granted additional time to do so.

II.  The Court May Screen The Petition

Baucicault does not state under what legal theory he brings his petition.  I will construe his petition as being brought pursuant to 28 U.S.C. § 2241.  See generally INS v. St. Cyr, 533 U.S. 289, 312-313 (2001) (immigration detainees who were subject to removal based on criminal convictions could seek habeas relief pursuant to § 2241); Goncalves v. Reno, 144 F.3d 110, 113 (1st Cir. 1998) (district courts may review habeas corpus petitions from immigration detainees raising constitutional and statutory claims).

2

The rules governing Section 2254 habeas cases may be applied at the discretion of the district court to other habeas petitions.  <u>See</u> Rule 1(b) of the Rules Governing Habeas Corpus Proceedings Under Section 2254; <u>Perez v. Hemingway</u>, 157 F. Supp. 2d 790, 795  (E.D. Mich. 2001).

Under Rule 4(b), the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal."  Rule 4(b); <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  28 U.S.C. § 2243; <u>Marmol v. Dubois</u>, 885 F. Supp. 444, 446 (D. Mass. 1994)

  II. The Pendency of Post-Collateral Relief
    <u>Does Not Affect the Validity of a Removal Order</u>

It appears that Baucicault was ordered removed based on a criminal conviction, but he provides no factual details about that conviction, including when it occurred.  Nor does he state when his removal proceedings commenced.  Baucicault appears to be challenging his removal order based on pending post-conviction motions for collateral relief rather than any direct appeal of the underlying criminal conviction forming the basis for his removal order.

Under both the former and current definitions of "conviction" in the INA,[1] the existence of post-conviction relief does not affect the finality of the conviction forming the basis for an alien's removal.

Prior to the enactment of IIRIRA,[2] there was no statutory definition for "conviction" in the Immigration and Nationality Act ("INA"), and a conviction generally was considered "final" for purposes of immigration law if direct appellate review of the conviction had either been waived or exhausted. White v. INS, 17 F.3d 475, 479 (1st Cir. 1994). The new definition of

---

[1] The First Circuit has held that the new definition of "conviction" in the INA must be retroactively applied. See, e.g., Griffiths v. INS, 243 F.3d 45, 50 (1st Cir. 2001) (Congress intended for the new definition of conviction to be applied retroactively to apply to convictions entered before the date of IIRIRA's enactment); accord Moosa v. INS, 171 F.3d 994, 1007 (5th Cir. 1999) (same); Montenegro v. Ashcroft, 355 F.3d 1035, 1037 (7th Cir. 2004) (same). As discussed infra, under both the former definition of conviction and that created by the IIRIRA amendments, the pendency of post-collateral relief does not affect the finality of an alien's criminal conviction.

[2] IIRIRA amended the definition of "conviction" by adding Section 1101(a)(48)(A). A "conviction" is now defined as a "formal judgment of guilt" of the alien entered by a court. 8 U.S.C. § 1101(a)(48)(A). The Seventh Circuit has held that IIRIRA eliminated any finality requirement for a conviction and has affirmed a district court denial of a habeas corpus challenge to a petitioner's removal where a direct appeal of the underlying conviction was still pending. Montenegro v. Ashcroft, 355 F.3d 1035, 1037 (7th Cir. 2004) (holding that IIRIRA eliminated the finality requirement for a conviction even for aliens who were found guilty before April 1, 1997). The First Circuit has not rendered an opinion on this exact issue.

"conviction" codified at Section 1101(a)(48)(A),[3] left unchanged the well-settled rule that the pendency of post-conviction collateral proceedings does not affect the validity of a conviction forming the basis for removal and are not a basis for habeas relief.  See, e.g., Plummer v. Ashcroft, 258 F. Supp. 2d 43, 45 (D. Conn. 2003) (§ 2241 petition could not be used to challenge alien's underlying state conviction, nor could alien litigate the consequences of any possible future determination of invalidity of the state conviction; pending § 2254 habeas petition did not affect finality of "conviction" under pre-IIRIRA or post-IIRIRA INA provisions); Montilla v. INS, 926 F.2d 162, 164 (2d Cir. 1991) (pre-IIRIRA drug conviction was considered final and a basis for deportation when appellate review of the judgment not including collateral attacks had become final).  Cf. Contreras v. Schiltgen, 122 F.3d 30, 32-33 (9th Cir. 1997) (INS not

---

[3]Section 1101(a)(48)(A) states:

The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where--

(i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted to sufficient facts to warrant a finding of guilt, and

(ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A).

required to determine whether conviction is valid; validity of conviction could only be tested in an action against the state); Drakes v. INS, 205 F. Supp. 2d 385, 390 (M.D. Pa. 2002) (alien could not raise collateral challenge to state convictions in § 2241 petition), aff'd, 330 F.3d 600 (3rd Cir. 2003) ("There is no meaningful difference between a collateral attack on an expired state conviction underlying removal proceedings and a collateral attack on an expired state criminal conviction underlying an enhanced sentence."). Thus, that Baucicault has pending motions for post-conviction relief does not affect the validity of his conviction for purposes of his removal order. Plummer, 258 F. Supp. 2d at 45.

  II. No Basis For Injunctive Relief Is Alleged

  For the reasons stated above, I am unable to determine that petitioner has a sufficient likelihood of success in prevailing on the merits such that an ex parte temporary restraining order enjoining his removal should issue, and I deny petitioner such relief at this time. American-Arab Anti-Discrimination Comm. v. Ashcroft, 241 F. Supp. 2d 1111, 1113 (C.D. Cal. 2003) (denying TRO for failure to demonstrate likelihood of success on the merits; existence of a pending application for lawful status does not confer a right to stay or to defer removal); see Arevalo v. Ashcroft, 344 F.3d 1, 9 (1st Cir. 2003) (conventional preliminary injunction test applies to requests for stays of deportation).

CONCLUSION

ACCORDINGLY, (1) the motion for an emergency stay of removal is denied; and (2) petitioner Daniel Bacucicault shall demonstrate good cause, in writing, within thirty-five (35) days of the date of this Memorandum and Order, why this action should not be dismissed for the reasons stated above.

SO ORDERED.

August 26, 2004              /s/ Douglas P. Woodlock
DATE                         DOUGLAS P. WOODLOCK
                             UNITED STATES DISTRICT JUDGE