UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DANIEL BAUCICAULT Jr., )
    PETITIONER, )
V. )
                      )   C.A., No 04-11837
IMMIGRATION )
AND CUSTOMS ENFORCEMENT, )
    RESPONDENT. )

## PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF STAY OF REMOVAL

In support of his petition for Stay of Removal petitioner, Daniel Baucicault. Avers the follows:

### FACTS

Mr. Baucicault is a 24 year old native and citizen of Haiti. He came into this country at the age of 8 year old. He was admitted in 1997. His father is a naturalized citizen of the United States who currently reside in this country. His mother is a permanent resident who is also currently reside in this country. Thus Mr. Baucicault is pretty much accustomed into the American culture and lifestyle.

On June 13, 2001, Mr. Baucicault pled guilty to the offense of assault and battery with a dangerous weapon at the Roxbury District Court. As a result, he was sentence to a term of 1 year in prison. This sentence was completed on 10/09/01, and, on 10/10/2001, the DHS placed Mr. Baucicault into custody and commenced deportation proceedings against him.

A review of the police report reflects the following facts. On Nov.28,2000, the victim stated that Mr. Baucicault punched and kicked her in the head; according to the police, there was a witness but they could not identify the witness. The police report further indicates the victim had alleged that she broke up with Mr. Baucicault two months prior as the police report will prove.

During the preliminary hearins leading up to the plea prosecution never introduced any witness(s) and there was no probative evidence linking Mr. Baucicault to the crime besides her allegations to the police, which she later recanted. See affidavit of victim Sabine Petion attached herein as exhibit "A" and incorporated for reference.

Mr. Baucicault's plea was a result of a combination of two factors: he was coerced by his attorney to plead guilty and (2), Mr. Baucicault was already serving a sentence for unrelated offense and so the incentive was there to take a concurrent sentence.

On 6/13/01 subsequent to Mr. Baucicault's guilty plea he discovered the exculpatory evidence (sworm affidavit of victim ) upon his reciept of his file from his attorney.

According to Mr. Baucicault, the prosecution and his defense counsel withheld exculpatory evidence and coerced his confession and caused him to plea guilty to a lesser sentence and according to his defense " we do not have any evidence to go to trial". Which was in violation of his Fith, Sixth and Fourteenth Amendments of the United States constitution.

The record in this case also reflects an unusual number of continuances by the district court judge name **Paul L. McGill** which have prejudiced Mr. Baucicault to the degree he has been unable to successfully seek a new determination in this matter. In this regard, Mr. Baucicault is presently taking steps to seek review with the Massachusetts Supreme Judicial Court.

<u>Matter of Nashaat H. Salis,</u> file A73-653-297-27 Immig. Rptr. B1-42 (BIA,2003) (continuances are excessive or inappropriate to warrent some kind of relief). In that case. The immigration judge's actions resulted in substantial prejudice that establish a denial of procedural due process, to warrant reopening.

**EXHIBIT A**

**EXHIBIT B**