```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

DANIEL BAUCICAULT, Jr.,      )
                             )
          Petitioner,        )
                             )
     v.                      ) C.A. No. 04-11837-DPW
                             )
IMMIGRATION                  )
AND CUSTOMS ENFORCEMENT,     )
                             )
          Respondent.        )
```

MEMORANDUM AND ORDER

For the reasons stated below, this action is dismissed.

BACKGROUND

In an order dated August 26, 2004, I ordered petitioner Daniel Baucicault to (1) either pay the filing fee or seek a waiver of it and (2) to demonstrate good cause why this action should not be dismissed. It appeared that Baucicault was either challenging his expired state conviction or was claiming that the pendency of post-collateral relief should prevent his removal. As discussed in the Memorandum and Order, neither claim had legal merit because expired state convictions may not be challenged in a habeas proceeding and because the pendency of post-collateral relief does not affect the validity of a removal order.

On September 22, 2004, Baucicault filed an application to proceed without prepayment of fees[1] and a memorandum of law. The two-page memorandum of law provides additional factual detail about the conviction forming the basis for Baucicault's

---

[1] I will grant the application in a separate order.

removal. He alleges that in June 2001, he pled guilty to assault and battery with a dangerous weapon and was sentenced to and served a term of one year. Memorandum of Law, p. 1-2. Baucicault claims that his conviction is invalid because he was "coerced" into pleading guilty and because the prosecution and his defense counsel allegedly withheld exculpatory evidence. Baucicault states that he is "presently taking steps to seek review with the Massachusetts Supreme Judicial Court." Id. at p. 2.

## ANALYSIS

### Petitioner Has Failed to Demonstrate Good Cause

Nothing in petitioner's response to the order to show cause provides this Court with a basis for granting him habeas relief. As discussed in the August 26, 2004 Memorandum and Order, an alien cannot challenge an expired state conviction forming the basis for his removal in a habeas proceeding. Broomes v. Ashcroft, 358 F.3d 1251, 1255 (10th Cir. 2004) (§ 2241 petition could not be used to challenge alien's underlying state conviction); accord Plummer v. Ashcroft, 258 F. Supp. 2d 43, 45 (D. Conn. 2003) (same); Harris v. INS, No. 03 CV 2399(SJ), 2004 WL 951510, at *2 (E.D.N.Y. Apr. 29, 2004) (same).

Nor does the pendency of post-conviction relief, under either the former or present definitions of "conviction" in the Immigration and Nationality Act, affect the finality of the conviction forming the basis for his removal. Plummer,

258 F. Supp. 2d at 45 (alien could not litigate the consequences of any possible future determination of invalidity of the state conviction in § 2241 petition; pending § 2254 habeas petition did not affect finality of "conviction" under pre-IIRIRA or post-IIRIRA INA provisions); Montilla v. INS, 926 F.2d 162, 164 (2d Cir. 1991) (pre-IIRIRA drug conviction was considered final and a basis for deportation when appellate review of the judgment *not* including collateral attacks had become final). Cf. Contreras v. Schiltgen, 122 F.3d 30, 32-33 (9th Cir. 1997) (INS not required to determine whether conviction is valid; validity of conviction could only be tested in an action against the state), aff'd on reh'g, 151 F.3d 906 (9th Cir. 1998); Drakes v. INS, 205 F. Supp. 2d 385, 390 (M.D. Pa. 2002) (alien could not raise collateral challenge to state convictions in § 2241 petition), aff'd, 330 F.3d 600 (3rd Cir. 2003) ("There is no meaningful difference between a collateral attack on an expired state conviction underlying removal proceedings and a collateral attack on an expired state criminal conviction underlying an enhanced sentence.").

Thus, Baucicault has failed to demonstrate good cause why this action should not be dismissed. Broomes, 358 F.3d at 1255 (affirming dismissal); Contreras, 122 F.3d at 31-32 (affirming dismissal of an alien's 28 U.S.C. § 2241 petition and holding that alien may not collaterally attack his state court

conviction in a habeas proceeding against the INS); Plummer, 258 F. Supp. 2d at 45 (dismissing).[2]

## CONCLUSION

ACCORDINGLY, I find that petitioner has failed to demonstrate good cause why this action should not be dismissed, and I DISMISS the petition.

SO ORDERED.


October 29, 2004           /s/ Douglas P. Woodlock
DATE                              DOUGLAS P. WOODLOCK
                                  UNITED STATES DISTRICT JUDGE

---

[2]Cf. Custis v. United States, 511 U.S. 485, 487 (1994) (defendant in a federal sentencing proceeding may not collaterally attack the validity of a prior state conviction used to enhance his or her sentence under the Armed Career Criminal Act of 1984); Daniels v. United States, 532 U.S. 374, 382 (2001) (petitioner may not challenge, with narrow exceptions, a prior conviction that is used to enhance his or her current sentence); Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001) (same).